(114 So. 673)

### BAIN v. DALRYMPLE. (8 Div. 458.)

Court of Appeals of Alabama. Nov. 8, 1927.

Rehearing Denied Dec. 13, 1927.

Isbell & Scruggs, of Guntersville, for appellant.

Thos. E. Orr, of Albertville, for appellee.

RICE, J. Appellee recovered judgment against one Dowdy in the justice court of T. M. Tucker, a justice of the peace in and for Marshall county, where all the transactions involved in this suit took place, on January 14, 1922. Execution thereon was issued on January 21, 1922, and duly returned, "No property found." A certificate of said judgment was filed in the office of the probate judge of said county on January 27, 1922.

On September 27, 1924, W. N. Bain, appellant here and claimant in the court below, sold and delivered to the said Dowdy a Ford automobile for the sum of $65 and took Dowdy's mortgage to cover the entire amount of the purchase price. This mortgage was filed for record, and recorded, in the probate office of Marshall county on April 17, 1925, and not before.

On March 6, 1925, one L. G. Terrell, a notary public, ex officio justice of the peace, and one E. Cobb, a justice of the peace, issued an execution against the defendant Dowdy, on the judgment above rendered before T. M. Tucker. This execution was levied by the constable on April 1, 1925, on the Ford automobile purchased from the claimant Bain, by the defendant Dowdy, as the property of the defendant Dowdy. The issues being properly formed, in accordance with statute, the trial of the rights of property which ensued terminated in plaintiff, Dalrymple's favor, and this appeal by claimant, Bain, results.

Act of the Legislature of Alabama, approved March 2, 1901, found in Acts of Alabama 1900–01, p. 1891, applying only to Marshall county, was not repealed by the act adopting the Code of 1907. See Code 1907, § 10. This act, applying to Marshall county, provided that when certificates of judgments in the courts of justices of the peace were recorded in the office of the probate judge of said county, in all respects as was the judgment hereinabove referred to as having been rendered in the justice court of T. M. Tucker on January 14, 1922, every such judgment should "be a lien on the property of the judgment debtor in said county which is subject to levy and sale under execution in said court, and such lien shall continue for five years from the date of such registration." All the conditions prescribed in the said act, in this case, appearing to have been met, it would seem, and we so hold, that it was in order for the execution on the judgment rendered by T. M. Tucker to issue on March 6, 1925. At the time this execution was issued, and the levy thereunder made on Dowdy's Ford automobile, there was nothing of record showing, and no intimation of plaintiff's knowledge otherwise, appellant's claim of interest. The learned trial court correctly instructed the jury that it was entirely immaterial as to why claimant's mortgage had not been placed of record.

There was evidence from which the jury may have inferred a community of design upon the part of defendant Dowdy and claimant Bain, to so arrange the acquisition of the Ford automobile by Dowdy, which was, we might state, purchased from one Caston by Bain, for Dowdy, rather than sold by Bain to Dowdy, as to defeat plaintiff in execution, without claimant, Bain, really being out any money. This being true, the court did not err in letting the evidence go to the jury as to the details of the transaction.

We have examined each assignment of error argued by appellant. What we have said above seems to cover his strongest insistences. The case seems to have been fairly tried, and nowhere do we find prejudicial error.

The judgment is affirmed.

Affirmed.